UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| FANNIE MAE,<br><br>　　　Plaintiff<br><br>v.<br><br>HUNTINGTON PLACE PROPERTIES LLC,<br><br>　　　Defendant. | §§§§§§§§§§§ | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Fannie Mae files this Complaint against HUNTINGTON PLACE PROPERTIES LLC.

### I.     The Parties

1.     Plaintiff Fannie Mae is a corporation organized and existing under the laws of the United States. Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B). Plaintiff Fannie Mae is the current owner and holder of the Notes and Deeds of Trust (as defined herein). Fannie Mae is government-sponsored enterprise and a federally chartered entity that Congress created to enhance the nation's housing-finance market. Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing. Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("***FHFA***"), which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises including Fannie Mae. *See* 12 U.S.C. § 4511 *et seq*. Among other powers, Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain, statutorily defined conditions, which the Director did in 2008. As Conservator,

FHFA has broad statutory powers, including the powers to preserve and conserve Fannie Mae's assets and property, and to collect obligations due Fannie Mae. FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law. *See, e.g.*, 12 U.S.C. § 4617(f)..

2. Defendant HUNTINGTON PLACE PROPERTIES LLC ("***Defendant***") is a Texas limited liability company with its principal place of business at 13512 Castana Avenue, Downey, CA 90242. HUNTINGTON PLACE PROPERTIES LLC may be served through its registered agent for service of process: LEGALINC CORPORATE SERVICES INC., 10601 Clarence Dr., Suite 250, Frisco, TX 75033.

## II.   Diversity Jurisdiction

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy (over $1 million) exceeds the minimum jurisdictional limits of this Court and Plaintiff and Defendant are citizens of different states.

4. Plaintiff is deemed to be a citizen of the District of Columbia for purposes of jurisdiction. 12 U.S.C. § 1717(a)(2)(B).

5. Defendant HUNTINGTON PLACE PROPERTIES LLC is a Texas limited liability company with its principal place of business at 13512 Castana Avenue, Downey, CA 90242. Its sole member is Alberto Uribe, who is a California resident. Plaintiff has been advised that Alberto Uribe is deceased. If so, the Estate of Alberto Uribe is also a California resident. *See* 28 U.S.C. § 1332(c) (providing that legal representative of estate of a decedent shall be deemed to be a citizen only of the same State as the decedent).

6. Accordingly, HUNTINGTON PLACE PROPERTIES LLC is a citizen of California for purposes of jurisdiction.

### III. Personal Jurisdiction and Venue

7. This Court has personal jurisdiction over Defendant because this lawsuit arises out of, and is connected with, the purposeful acts committed by Defendant in this District. Specifically, and without limitation, Defendant owns a multifamily property located in the Northern District of Texas at 4042 Huntington Lane, San Angelo, Texas 76904.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The loan documents at issue also contain a consent to jurisdiction and venue in this District.

### IV. Factual Background

10. On or about October 4, 2019, Defendant executed that certain Multifamily Note (the "*Note*"), payable to the order of Hunt Mortgage Capital, LLC, as predecessor to Lument Real Estate Capital, LLC, a Delaware limited liability company ("*Original Lender*"), in the original stated principal amount of $1,050,000 (the "*Loan*"). The Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Defendant and Original Lender dated as of October 4, 2019 (the "*Loan Agreement*").

11. The Note is secured by, among other instruments, a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "*Deed of Trust*"), dated as of October 4, 2019, executed by Defendant for the benefit of Original Lender.

12. The Deed of Trust covers the real and personal property more particularly described therein and commonly known as the Huntington Place Apartments and located at 4042 Huntington Lane, San Angelo, Texas 76904 (as fully defined in the Deed of Trust, the "*Property*").

13. Alberto Uribe ("***Guarantor***") guaranteed certain obligations regarding the Loan pursuant to that certain Guaranty of Non-Recourse Obligations, dated October 4, 2019 (the "***Guaranty***"), executed by Guarantor for the benefit of Original Lender.

14. The Note, the Loan Agreement, the Deed of Trust, the Guaranty, and all other documents and instruments securing or evidencing the Loan are hereinafter collectively referred to as the "***Loan Documents***." Fannie Mae is the assignee of the Loan Documents by way of, without limitation, that certain (i) Assignment of Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing; and (ii) an Assignment of Collateral Agreements and Other Loan Documents, each dated as of October 4, 2019.

15. The Loan is serviced by Original Lender (the "***Servicer***").

### V.     The Defaults

16. Defendant is in default under the terms of the Loan Documents. Defendant has failed to pay certain amounts when due, including the Monthly Debt Service Payments (as defined in the Loan Agreement) due for the months of September, October, November, and December 2024. Defendant's failure to timely pay all amounts requirement by the Loan Documents constitutes an Event of Default pursuant to Section 14.01(a)(1) of the Loan Agreement.

17. By way of letter dated July 31, 2024, Servicer notified Defendant that Servicer had become aware of a change in the property management for the Property, and that the change of property management without prior approval by Fannie Mae is not permitted by the Loan Documents. Specifically, the change of property management without prior approval by Fannie Mae violates Section 6.03 of the Loan Agreement. Because Defendant's failure to comply with Section 6.03 of the Loan Agreement has continued for a period of thirty (30) days after written

notice to Defendant, an additional Event of Default exists pursuant to Section 14.01(c) of the Loan Agreement.

18. Finally, Guarantor's son, Oscar Uriber, has advised Servicer of the death of Guarantor in or about March 2024. Following the death of Guarantor, Defendant failed to meet all requirements of Section 11.03(e) of the Loan Agreement, which provides a procedure to obtain a replacement guarantor. An additional Event of Default exists pursuant to Section 14.01(b)(1) of the Loan Agreement.

19. As a result of the aforementioned Events of Default, Defendant's license to collect rents from the Property has automatically terminated pursuant to Section 3(c) of the Deed of Trust.

20. Fannie Mae has accelerated the Loan, and provided notice of such acceleration to Defendant on December 18, 2024. All amounts are now due under the Note, and it is fully due and payable.

**VI.    Remedies for Default – Defendant's Consent to Appointment of Receiver**

21. Section 3 of the Deed of Trust provides that upon the occurrence of, and during the continuance of any Event of Default, (i) Fannie Mae may enter into or upon the Property or any part thereof to take possession of the Property, either personally or through its agents; (ii) the Defendant's right to collect rents shall automatically terminate and Fannie Mae shall without notice be entitled to all rents as they become due and payable, including rents then due and unpaid; and (iii) Fannie Mae may apply for the appointment of a receiver for the Property. Section 3(e) of the Deed of Trust further provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, Defendant expressly consents to the appointment of a receiver, including an appointment *ex parte*.

22. By separate application, Fannie Mae will seek the appointment of a Receiver over the Property.

23. Section 5 of the Deed of Trust provides that upon the occurrence of, and during the continuance of, any Event of Default, Fannie Mae may (i) declare the unpaid debt to be immediately due and payable; and (ii) institute proceedings for the complete foreclosure of the mortgage or deed of trust.

24. Section 5 of the Deed of Trust further provides that Defendant agrees to pay all costs and expenses incurred by Fannie Mae in pursuing remedies.

### VII.   Cause of Action for Breach of Contract against Defendant

25. Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

26. The Loan Documents constitute a binding contractual relationship between the parties. Fannie Mae has performed all of its obligations under the Loan Documents.

27. Defendant's acts and omissions constitute breaches of the Loan Documents.

28. As a direct and proximate result of the Defendant's defaults, Fannie Mae has incurred and will incur actual damages in excess of the minimum jurisdictional limits of this Court for which Fannie Mae seeks recovery from Defendant.

29. All conditions precedent to Fannie Mae's recovery have been performed, have occurred, or have otherwise been waived.

### VIII.   Attorneys' Fees

30. Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

31. Pursuant to the Loan Documents, including without limitation Sections 3 and 5 of the Deed of Trust, Fannie Mae seeks recovery of its attorneys' fees and expenses expended to enforce its rights under the Loan Documents.

## IX.   Prayer

Wherefore, Fannie Mae prays that Defendant be cited to appear and make answer herein and that Fannie Mae have a judgment against Defendant as follows:

1. That a receiver be appointed, as requested in Fannie Mate's contemporaneously filed Application for Appointment of Receiver; and

2. That upon final trial, Fannie Mae be awarded the actual damages incurred by Fannie Mae as a result of Defendant's defaults, prejudgment and postjudgment interest at the maximum lawful amount, expense, including attorneys' fees incurred in enforcing Fannie Mae's contractual rights, costs of court and any such other and further relief, at law or in equity, to which Fannie Mae may show itself to be justly entitled.

Dated: January 13, 2025.                                 Respectfully submitted,

By: */s/ Jay L. Krystinik*
Keith M. Aurzada
Texas Bar No. 24009880
Jay L. Krystinik
Texas Bar No. 24041279
**REED SMITH LLP**
2850 N. Harwood St., Ste. 1500
Dallas, Texas 75201
T:  469.680.4200
F:  469.680.4299
kaurzada@reedsmith.com
jkrystinik@reedsmith.com

*Attorneys for Fannie Mae*